# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:16-CV-00294-GCM-DSC

| | |
|---|---|
| GREGORY BADER, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| MARK KURDYS AND ROBERTS & STEVENS, P.A., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss," Doc. 8, filed November 1, 2016, and the parties' associated briefs and exhibits, Docs. 9, 13 and 15.

On May 30, 2017, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). The Motion is ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted in part and denied in part</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Amended Complaint (Doc. 2) as true, on or about June 10, 2009, Plaintiff retained Defendants to bring suit against his former attorney Creighton Sossomon for negligent representation. On or about July 6, 2009, Kurdys informed Plaintiff that Sossomon's professional liability insurance coverage had expired in April 2008.

On September 2, 2009, Defendants filed Plaintiff's Complaint against Sossomon in this Court, specifically case 2:09-CV-49-MR-DLH. On or about October 21, 2009 Kurdys informed Plaintiff that Sossomon owned multiple properties in Macon County, North Carolina ("Macon County properties") with an assessed tax value of over $1.25 million dollars. On or about March 10, 2010, Plaintiff learned from Kurdys that Sossomon had transferred ownership of the Macon County properties to himself and his wife jointly in April 2009 for ten dollars ($10). Kurdys advised Plaintiff that the April 2009 transfers were fraudulent and designed to shield assets from Sossomon's creditors.

On June 21, 2010, the parties reached a mediated settlement agreement entitling Plaintiff to a judgment against Sossomon for $185,000 with an initial $15,000 payment due on July 1, 2010. Upon receipt of the $15,000 payment, Plaintiff and Defendants each received $7,500. On September 8, 2010, judgment was entered in favor of Plaintiff against Sossomon for $170,000 plus costs and interest (hereinafter "Bader Judgment") after Sossomon failed to honor the settlement agreement.

Plaintiff alleges that Defendants failed to record the Judgment on the Macon County properties. On January 7, 2011, Sossomon and his wife conveyed the Macon County residential property in trust to Bank of America, N.A. The deed of trust was recorded in Macon County on January 25, 2011. Plaintiff alleges that through August 2015 Defendants intentionally misled him to believe that they had recorded the Bader Judgment, thus securing a lien in his favor against the Macon County properties "superior to subsequent purchases and/or lienholders." Doc. 2 at ¶¶ 68-74.

On June 15, 2012[1], Sossomon filed for bankruptcy. He claimed an exemption for the Macon County properties.

Plaintiff also alleges that in August 2012, Defendants misrepresented that they had filed a state court action against Sossomon to set aside the 2009 conveyances of the Macon County Properties and that their failure to file such action caused "substantial and irreparable harm to Plaintiff's case." Id. at ¶¶83-86.

On May 8, 2013, Defendants filed an adversary proceeding on Plaintiff's behalf seeking to set aside Sossomon's 2009 conveyances of the Macon County Properties. On May 28, 2013, Defendants dismissed the adversary proceeding. Plaintiff alleges that Defendants misled him to believe that the adversary proceeding had to be dismissed, and that the Trustee's subsequent proceeding to set aside Sossomon's conveyances of the Macon County properties was an adequate substitute. Plaintiff alleges that Defendants' action in this regard caused "substantial and irreparable harm." Id. at ¶52.

In June 2015, Plaintiff accepted $20,278.72 from Sossomon's bankruptcy estate against the $201,097.50 Bader Judgment. Plaintiff alleges his "meager ten percent (10%) payoff of his claim is a direct result of his loss of position as a judgment-creditor." Id. at ¶56.

On September 3, 2016, Plaintiff filed this action against Defendants alleging negligent representation, willful or wanton conduct and fraudulent concealment. Plaintiff alleges that Defendants were negligent in their representation for failing to communicate with their client in a

---

[1] Although Plaintiff alleges Sossomon filed bankruptcy "in May 2013," Doc. 2 at ¶45, the records of the United States Bankruptcy Court for the Western District of North Carolina show that on June 15, 2012, Sossomon filed a voluntary petition under Chapter 13, which was converted to Chapter 7 on March 1, 2013. See Doc. 9 at Exhibit A. The Court will take judicial notice of the June 15, 2012 filing date of Sossomon's voluntary petition under Chapter 13. The Court may do so without converting Defendants' Rule 12(b)(6) motion to a motion under Rule 56. See Norfolk Southern Ry. Co. v. Shulimson Bros. Co., Inc., 1 F. Supp. 2d 553, 554 n.1 (W.D.N.C. 1998) ( in resolving a motion to dismiss, a court may take judicial notice of matters of public record without converting the motion to one for summary judgment).

timely and meaningful manner from June 2, 2009 to August 17, 2016; failing to record the Bader Judgment in Macon County; failing to pursue a state action to set aside the fraudulent conveyances; and for dismissing Plaintiff's timely filed adversary proceeding without his knowledge or consent. Plaintiff alleges damages in excess of seventy-five thousand dollars. Plaintiff also alleges that Defendants knew or should have known as reasonable attorneys exercising reasonable care and diligence that these failures would result in an equitable loss to him.

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Plaintiff's action was not brought within the applicable statute of limitations and statute of repose, that the Complaint fails to adequately plead the elements of proximate cause, and that Plaintiff's claims are barred under the election of remedies doctrine.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Statute of Limitations and Statute of Repose

"Statute of limitations defenses are properly raised by a motion for failure to state a claim 'if the time bar is apparent on the face of the complaint.'" Booker v. Potter, No. 1:08-CV-0011, 2009 WL 1033799, at *2 (M.D.N.C. Apr. 15, 2009) (quoting Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 473 (4th Cir. 2005)). See also Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir.

2007) ("In the relatively rare circumstances where facts sufficient to rule on an affirmative defense [such as the defense that the plaintiff's claim is time-barred] are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). . . .if all facts necessary to the affirmative defense clearly appear on the face of the complaint.")

When a defendant pleads the statute of limitations or repose, the plaintiff has the burden of showing that his suit was commenced within the requisite time from the accrual of the cause of action, or that it was not otherwise barred. Lee v. Chamblee, 25 S.E.2d 433 (N.C. 1943); accord, Horton v. Carolina Medicorp, Inc., 472 S.E.2d 778, 780 (N.C. 1996); Pembee Mfg. Corp. v. Cape Fear Constr. Co., 329 S.E.2d 350, 353 (N.C. 1985). The issue of when a cause of action accrues for statute of limitations or repose purposes is a conclusion of law to be decided by the Court. Ramboot, Inc. v. Lucas, 640 S.E.2d 845 (N.C. App. 2007).

The North Carolina Legislature has provided:

> [A] cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is … economic or monetary loss … which originates under circumstances making the … loss … not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. ***Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action . . . .***

N.C. Gen. Stat. § 1-15(c)(emphasis added).

The four year statute of repose places an outer limit on the rights of an individual to bring a civil action. CTS Corporation v. Waldburger, __ U.S. __, 134 S. Ct. 2175, 2182 (2014). As such, the statute of repose can bar a plaintiff's cause of action before he even suffers an injury. Id. at

2182-83; Hargett v. Holland, 447 S.E.2d 784, 787 (N.C. 1994) (explaining that if plaintiff fails to bring suit within the time provided by the statute of repose, there is no cause of action left to assert).

Discussing the difference between a statute of limitations and a statute of repose, the North Carolina Supreme Court has said:

> . . . the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted. . . . Thus, the repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue, which is generally recognized as the point in time when the elements necessary for a legal wrong coalesce.

Black v. Littlejohn, 325 S.E.2d 469, 474-75 (1985) (internal citations omitted).

"A statute of repose creates an additional element of the claim itself which must be satisfied in order for the claim to be maintained." Hargett, 447 S.E.2d at 787 (citation omitted). "If the action is not brought within the specified period, the plaintiff 'literally has no cause of action. The harm that has been done is *damnum absque injuria* -- a wrong for which the law affords no redress.'" Id. (quotations omitted).

A cause of action for legal malpractice accrues "at the time of the occurrence of the last act of the defendant giving rise to the cause of action . . . ." N.C. Gen. Stat. § 1-15(c). It is of no consequence that the attorney-client relationship may have continued after the act giving rise to the cause of action. See, e.g., Carlisle v. Keith, 614 S.E.2d 542, 548-49 (2005)(rejecting argument that statute of limitations accrues from last date of continued representation following alleged acts of malpractice); Teague v. Isenhower, 579 S.E.2d 600, 604 n.2, disc. review denied, 357 N.C. 470, 587 S.E.2d 347 (2003)(holding that the statute of limitations begins to accrue at last alleged act of malpractice at the trial level, not at the discharge of attorney following representation at appellate level).

In determining what constitutes the "last act" of a defendant giving rise to a legal malpractice claim, the court must determine the last date the alleged mistake could have been remedied or the last date a different course of action by the defendant attorney would have saved plaintiff from the harm allegedly suffered.

In Hargett, the North Carolina Supreme Court held that the last act of the defendants giving rise to a cause of action related to the drafting of a will was the supervision and execution of the will, not the subsequent death of the testator. 447 S.E.2d at 787-88. Similarly, the North Carolina Court of Appeals has held that the last act of an attorney giving rise to a malpractice claim related to a trust was the drafting of the trust restatement. Babb, 744 S.E.2d at 885. When a malpractice claim is predicated on a lawyer's alleged failure to timely file a document, the date of the "last act giving rise to the cause of action" is the date beyond which filing the document would have been futile because it would not have improved the plaintiff's position or protected the plaintiff from the harm allegedly suffered. See, e.g., Sunbow Industries v. London, 294 S.E.2d 409 (1982).

In Sunbow, plaintiff retained the defendant lawyer in connection with the sale of certain assets. When the sale concluded, plaintiff entered into a security agreement with the buyer under which it took a security interest in the assets. The lawyer failed to file a financing statement or otherwise perfect the security interest. Since plaintiff did not have a perfected security interest, it was subordinated as a creditor when the buyer filed bankruptcy. As here, in Sunbow plaintiff sued its lawyer on the basis that it received less than it would have as a secured creditor in the buyer's bankruptcy proceeding. In rejecting defendant's statute of limitations defense and remanding the action, the Court of Appeals held that the lawyer had a duty to file the financing statement "so long as the filing of the financing statement would protect some interest of his client." If the financing statement "had been filed a sufficient period of time prior to the date of filing of the petition in

bankruptcy, the plaintiff would not have lost his lien. It is on that date that the three-year statute of limitations began to run." Sunbow, 294 S.E.2d at 410.

### C. Claims based on failure to record the Bader Judgment

Applying the Sunbow analysis, the Court must determine the last date before Sossomon filed his bankruptcy petition when recording the Bader Judgment would have protected Plaintiff's interest. The Court finds that date can be no later than March 13, 2012. That was one day before the ninety day preference period predating Sossomon's June 15, 2012 bankruptcy petition. The bankruptcy trustee could avoid any judgment recorded in an effort to secure collection within the ninety day pre-petition period. 11 U.S.C. § 547. Recording the Bader Judgment any time after March 13, 2012 would not have protected Plaintiff's interest nor elevated his status to that of a secured creditor. Claims predicated on Defendants' failure to record the Bader Judgment accrued no later than March 13, 2012. Consequently, these claims became barred by N.C. Gen. Stat. §1-15(c)'s statute of limitations no later than March 13, 2015, and by the statute of repose no later than March 13, 2016.

> In his brief in opposition, Plaintiff argues that
>
> [T]he key issue here is whether the pleadings adequately state that Defendants' negligent conduct constituted a continuing wrong which "relates to the original act." State ex rel. Long v. Petree Stockton, L.L.P., 129 N.C. App. 432, 443, 499 S.E.2d 790, 797 (1998). More particularly, Defendants "last act or omission" of their "continuing representation" occurred after June 10, 2009 and ran until early 2015. The cases which address application of N.C.G.S. § 1-15(c) to legal malpractice claims support Plaintiff's position.

Doc. 13 at 6. This Court disagrees. In Delta Environmental Consultants, Inc. v. Wysong & Miles, Co., 132 N.C. App. 160, 510 S.E.2d 690 (1999), the North Carolina Court of Appeals considered whether the "continuing course of treatment document" applied in the professional liability context. After reviewing the evolution of the "continuing course of treatment doctrine" in medical

malpractice cases, the Court of Appeals declined to expand the doctrine's breadth to encompass negligence claims arising out of professional engineering services between sophisticated corporate parties. Delta Environmental, 510 S.E.2d at 698.

In Sharp v. Gailor, 510 S.E.2d 702 (1999), decided the same day as Delta Environmental, the Court of Appeals applied the "no extension" principle to a legal malpractice action where plaintiff predicated her malpractice claim on the lawyer-defendants' alleged failure "to correct material errors in the appeal they had prepared and filed." Holding that it was time barred, the Court dated the accrual of the claim against the lawyers to the day they filed the appellate brief, and not when the plaintiff subsequently fired them. In determining the accrual date, the Court concluded that after the lawyers filed the brief, "nothing could be done to correct it; the matter was out of defendants' hands." 510 S.E.2d at 704.

Since Sharp, North Carolina courts have consistently rejected attempts to extend the accrual date to the last date of representation when the malpractice is alleged to have occurred sometime earlier. See, e.g., Carlisle v. Keith, 614 S.E.2d 542, 549 (N.C. App. 2005) (emphasis added) (plaintiff's assertion that "it is not alleged in the Complaint when [the lawyer] stopped acting as counsel …**is of no relevance**. The issues are when the last [damaging] act of defendant occurred and when plaintiff learned" of it.); Teague v. Isenhower, 579 S.E.2d 600 (N.C. App. 2003)(rejecting plaintiff's argument that the defendant's continuing representation for more than a year after the defendant's last act giving rise to the cause of action should extend the statute of limitations); Chase Development Group v. Fisher, Clinard & Cornwell, PLLC, 710 S.E.2d 218, 225 (2011)("Continuing representation of a client by an attorney following the last act of negligence does not extend the statute of limitations"); Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A., 752 S.E.2d 661 (2013)(same).

Plaintiff did not file suit until September 3, 2016. Since the last act by Defendants giving rise to any legal malpractice claim based upon their failure to record the Bader Judgment occurred over four years prior to Plaintiff's bringing this action, his claim is barred by the applicable statute of repose. Accordingly, the undersigned respectfully RECOMMENDS that Defendants' Motion to Dismiss regarding failure to record the Bader Judgment be GRANTED.

### D. Claims based on failure to file a state court action to set aside Sossomon's conveyances of the Macon County properties

The Court finds that claims predicated on Defendants' failure to file a state court action to set aside the 2009 conveyance of the Macon County Properties from Sossomon to himself and his wife accrued on June 15, 2012, the date Sossomon filed his Chapter 13 bankruptcy petition. After that date, filing a state court action would not have protected Plaintiff's interest. Creditors are prohibited from filing or continuing any collection action against the debtor or his assets pursuant to the automatic stay provisions of 11 U.S.C. § 362. Since Plaintiff did not file suit on those claims until more than four years later, his claims must be dismissed under N.C. Gen. Stat. §1-15(c)'s statute of repose. Accordingly, the undersigned respectfully RECOMMENDS that Defendants' Motion to Dismiss with regard to failure to file a state court action be GRANTED.

### E. Claims based on dismissal of the adversary proceeding

Plaintiff's claim predicated on Defendants' dismissal of the adversary proceeding on May 28, 2013 is time barred. Plaintiff was an unsecured creditor on the day Sossomon filed bankruptcy. Pursuing an adversary proceeding after that date would not have improved Plaintiff's status as a creditor. Since Plaintiff did not file his claims predicated on Defendants' dismissal of the adversary proceeding until more than three years later, those claims must be dismissed under N.C. Gen. Stat. §1-15(c)'s statute of limitations. Accordingly, the undersigned respectfully RECOMMENDS that Defendants' Motion to Dismiss be GRANTED.

### F. Claims based on Fraudulent Concealment

Finally, Plaintiff alleges a claim for fraudulent concealment against Defendants during the course of their representation. The statute of limitations for fraud is three years pursuant to N.C. Gen.Stat. § 1–52(9). A cause of action alleging fraud is deemed to accrue upon discovery by plaintiff of facts constituting the fraud. Id. "Discovery is defined as actual discovery or the time when the fraud should have been discovered in the exercise of due diligence." Carlisle v. Keith, 614 S.E.2d 542, 548 (N.C. App. 2005) (internal citation omitted). To the extent that Plaintiff asserts a fraud claim against Defendants based upon their attorney client relationship, the Court finds that such claim is not barred by the statute of limitations or the statute of repose. Taking the allegations of the Amended Complaint as true, Plaintiff alleges that Kurdys first advised him that his claim was an unsecured, non-priority claim in June 2015 during discussion of the probable ten percent (10%) award from the Sossomon bankruptcy. At a minimum, these allegations raise an issue of whether Defendants fraudulently concealed facts from Plaintiff that cannot be resolved at this stage of the proceedings. Piles v. Allstate Ins. Co., 653 S.E.2d 181, 186 (N.C. App. 2007) (reversing trial court's dismissal of fraud claims because "[t]he date of [the plaintiff's] discovery of the alleged fraud or negligence—or whether she should have discovered it earlier through reasonable diligence—is a question of fact for a jury, not an appellate court."). Accordingly claims based upon Plaintiff's discovery that he was not a secured creditor are not time barred since they did not occur more than three years before Plaintiff's Complaint was filed in September 2016. Therefore, the undersigned respectfully RECOMMENDS that Defendants' Motion to Dismiss with regard to Plaintiff's fraudulent concealment claim be DENIED.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion to Dismiss," Doc. 8, be **GRANTED IN PART and DENIED IN PART** as detailed above.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Graham C. Mullen.

**SO RECOMMENDED**.

Signed: July 6, 2017

David S. Cayer
United States Magistrate Judge