IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
**ASHEVILLE** DIVISION
**CIVIL ACTION NO.** 1:16-CV-00294

| | |
|---|---|
| GREGORY BADER, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| MARK KURDYS AND ROBERTS & STEVENS P.A., | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss (Doc. No. 8), Plaintiff's Response (Doc. No. 13), and Defendants' Reply (Doc. No. 15). The Magistrate Judge submitted a Memorandum and Recommendation (Doc. No. 22), filed July 6, 2017, to grant in part and deny in part the Defendants' Motion to Dismiss through the dismissal of Counts I and II, but not Count III. The parties were advised that pursuant to 28 U.S.C. § 636(b)(1)(C), written objections to the memorandum and recommendation must be filed within 14 days after service of the memorandum. Defendants submitted a limited objection to the Memorandum and Recommendation arguing that Count III should be dismissed. (Doc. No. 23). Plaintiffs submitted a Response (Doc. No. 24) and Defendants submitted a Reply (Doc. No. 25). Accordingly, this matter is ripe for disposition.

The undersigned adopts and incorporates the Magistrate's findings of fact (Doc. No. 22) herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

In the Memorandum and Recommendation, Magistrate Judge Cayer recommended that the Defendants' motion to dismiss be granted in part and denied in part. He recommended that all the Plaintiff's claims be dismissed except for the Plaintiff's "Fraudulent Concealment" claim.

The only objection to this Memorandum and Recommendation was filed by the Defendants. The Defendants' objection was limited to arguing that the Plaintiffs "Fraudulent Concealment" claim should also be dismissed because its underlying allegations establish that it is actually a claim for legal malpractice and that claim is time barred and even if it were a fraud claim, it does not meet the *Twombly* and *Iqbal* standards.

Under N.C. Gen. Stat. §1-52(9), claims arising out of fraud or mistake are subject to a three-year statute of limitations which accrues only when the aggrieved party discovers facts constituting the fraud or mistake. In the instant case, Plaintiff alleges he first discovered that the Bader judgment was not recorded, rendering his creditor claim unsecured, in June 2015. (Doc. No. 2, ¶¶ 70, 75). Because Plaintiff filed his Complaint in September 2016, this claim, if it is in fact a fraud claim, is not time barred under N.C. Gen. Stat. § 1-52(9).

However, Defendants assert that Plaintiff's fraudulent concealment claim is no more than a re-iteration of his negligence and willful or wanton conduct claims, which constitute ordinary legal malpractice. As such, Defendants argue it should instead be governed under N.C. Gen. State §1-15(c) and barred by its three-year statute of limitations, which accrues on the last date at which Defendants actions could have bettered Plaintiff's position and would have run prior to September 2016.

"The appropriate statute of limitations depends "'upon the theory of the wrong or the nature of the injury.'" *Sharp v. Teague*, 439 S.E.2d 792, 794 (N.C. App. 1994) (citation omitted). N.C.Gen.Stat. § 1-15(c) governs malpractice claims. This includes claims of negligence or

breach of contract that arise from allegations around the failure to perform professional services. *Id.* "Fraud by an attorney, however, is not within the scope of 'professional services' as that term is used in N.C.Gen.Stat. § 1-15(c), and thus cannot be 'malpractice' within the meaning of that statute." *Id.*

A fraud claim must contain the following elements: "'(1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.'" *McGahren v. Saenger,* 118 N.C.App. 649, 654 (1995) (quoting *Ragsdale v. Kennedy,* 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974)).

Defendants point to two cases in which the North Carolina Court of Appeals found that the plaintiffs' fraud claims were considered malpractice claims and so were under the statute of limitations set in N.C. Gen. Stat. §1-15(c). *See Fender v. Deaton*, 571 S.E.2d 1 (2002); *see also Sharp*, 439 S.E.2d 792. Yet, these cases are distinguishable from the current dispute.

In *Sharp*, the critical issue with the fraud allegations was failure in regard to particularity; it contained only conclusory statements. 439 S.E.2d at 797. In *Fender*, it was clear to the Court that "the allegations set forth . . . are nothing more than ordinary claims for legal malpractice," which included the failure to accept or return calls, dismissing the case without consent of plaintiff, and concealing the legal effect of a dismissal with prejudice. 571 S.E.2d 3.

In the Plaintiff's "Fraudulent Concealment" claim, Plaintiff alleges Defendants were "silent in the face of repeated and explicit requests" regarding the status of his case and, variously, that Defendants failed to tell him, or affirmatively represented, facts regarding the Bader Judgment, the state court action, and the Adversary Proceeding for purposes of concealing that they had negligently represented Plaintiff. (Amended Complaint, Doc. 2, ¶¶97, 98). This is a

much more substantive allegation than in *Fender* or *Sharp* and it is clear to this Court that the theory behind this claim is fraud, not malpractice. The fraudulent concealment claim brought by the Plaintiff is distinguishable from one of ordinary malpractice and thus is subject to N.C. Gen. Stat. 1-52(9).

In addition, Defendants argue that Plaintiff's fraudulent concealment claim does not meet the required pleading standard under Rule 12(b)(6) because it does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). However, "[a] court is not required to accept [t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements. " *Id*.

In order to state a valid claim for fraud under North Carolina law, a party must allege a false representation or concealment of a material fact that: (i) was reasonably calculated to deceive; (ii) was made with the intent to deceive; (iii) did in fact deceive the plaintiff; and (iv) resulted in damages to the party. *Synovus Bank v. Karp*, 887 F. Supp. 2d 677, 686 (W.D.N.C. 2012) (citing *Anderson v. Sara Lee Corp.,* 508 F.3d 181, 189 (4th Cir. 2007)). Defendant contends that the Plaintiff did not state a fraud claim plausible on its face because Plaintiff did not plausibly allege damages resulting from the Defendants' alleged fraud. However, Plaintiffs have sufficiently alleged that element.

Plaintiff alleges that due to the Defendants' fraudulent concealment, he had no recourse other than acceptance of the 10% award from the Sossomon bankruptcy. Moreover, he alleges that Kurdys first advised him that his claim was an unsecured, non-priority claim in June 2015

4

during discussion of the probable ten percent (10%) award from the Sossomon bankruptcy. So, the Plaintiff argues that this fraudulent concealment resulted in damages because he could have taken other action to improve his position as a judgment creditor at the time those facts were concealed. This is more than just "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Thus, Plaintiff has alleged sufficient factual content to allege a claim for fraudulent concealment that meets the 12(b)(6) standard.

## I.  CONCLUSION

After an independent and thorough review of the magistrate's memorandum, the court concludes that there is no clear error on the face of the record and that the recommendation to grant in part and deny in part Defendants' Motion for Summary Judgment is correct and in accordance with law. Accordingly, the findings and conclusions of the magistrate are accepted,

For the foregoing reasons the Court finds that Defendants' Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**. Count I is **DISMISSED**. Count II is **DISMISSED**. Count III is **NOT DISMISSED.**

Signed: September 1, 2017

Graham C. Mullen
United States District Judge